Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

JEROLD T. MATAYOSHI          2747
jtm@fmhc-law.com
SHEREE KON HERRERA          6927
skh@fmhc-law.com
Davies Pacific Center, Suite 1200
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 533-4300

Attorneys for Defendants
ENDO HEALTH SOLUTIONS
And ENDO PHARMACEUTICALS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COUNTY OF HAWAII,<br><br>          Plaintiff,<br><br>   v.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA INC.; PURDUE FREDERICK COMPANY, INC.; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. n/k/a JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS INC.; ALLERGAN PLC f/k/a ACTAVIS PLC; ACTAVIS, INC. f/k/a WATSON | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> CIVIL NO. _____<br><br>**DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL; EXHIBITS "1" AND "2"; CERTIFICATE OF SERVICE** |

PHARMACEUTICALS, INC.; WATSON )
LABORATORIES, INC.; ACTAVIS )
LLC; ACTAVIS PHARMA, INC. f/k/a )
WATSON PHARMA, INC.; INSYS )
TERAPEUTICS, INC.; RAYMOND )
SACKLER FAMILY; MORTIMER )
SACKLER FAMILY; RICHARD S. )
SACKLER; JONATHAN D. SACKLER; )
MORTIMER D.A. SACKLER; KATHE )
A. SACKLER; ILENE SACKLER )
LEFCOURT; BEVERLY SACKLER; )
THERESA SACKLER; DAVID A. )
SACKLER; RHODES TECHNOLOGIES; )
DEFENDANT RHODES )
TECHNOLOGIES, INC.; RHODES )
PHARMACEUTICALS L.P.; RHODES )
PHARMACEUTICALS INC.; TRUST )
FOR THE BENEFIT OF THE )
MEMBERS OF THE RAYMOND )
SACKLER FAMILY; THE P.F. )
LABORATORIES, INC.; STUART D. )
BAKER; PAR PHARMACEUTICAL, )
INC.; PAR PHARMACEUTICAL )
COMPANIES, INC.; MALLINCKRODT )
PLC; MALLINCKRODT LLC; SPECGX )
LLC; MYLAN PHARMACEUTICALS )
INC.; SANDOZ INC.; WEST-WARD )
PHARMACEUTICALS CORP. n/k/a )
HIKMA PHARMACEUTICALS, INC.; )
AMNEAL PHARMACEUTICALS, INC.; )
NORAMCO, INC.; JOHN N. KAPOOR; )
RUDOLPH B. PUANA, M.D., BIG )
ISLAND PAIN CENTER LLC, AND )
PUANA PAIN, LLC, )
)
     Defendants. )

## DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *County of Hawai'i v. Purdue Pharma L.P. et al.*, bearing case number 19-1-156, from the Circuit Court of the Third Circuit to the United States District Court for the District of Hawaii. Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

### INTRODUCTION

1. This action is one of more than 2,000 related lawsuits filed against manufacturers and distributors of FDA-approved prescription opioid medications on behalf of state and local governments relating to alleged harms stemming from abuse of these medications. On December 5, 2017, the Judicial Panel on Multidistrict Litigation created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for these actions, *i.e.*, cases in which plaintiffs allege that "manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017).

2.      The allegations in these cases, and the defendants who are named, are largely identical.  The principal difference between the cases is a rotating cast of non-diverse defendants joined for the sole purpose of thwarting diversity jurisdiction in an effort to avoid (and undermine) the MDL.  That is the case here.

3.      Like its predecessors, this action names the usual major manufacturers of prescription opioid medications.  This action also names certain individuals and entities that are affiliated with manufacturers of prescription opioid medications. Since none of these people or entities is a Hawaii citizen, Plaintiff has tacked on several unrelated non-diverse medical providers and accused them of criminal drug dealing by prescribing opioid medications to consumers without any legitimate medical purpose.  But, as explained below, Plaintiff cannot state a claim against the non-diverse medical providers because Plaintiff has failed to comply with Hawaii's prefiling requirements for suits involving "medical torts."  *See* Hawaii Rev. Stat. § 671-12 *et seq*.  Accordingly, the non-diverse medical providers are fraudulently joined, and there is complete diversity between Plaintiff, on the one hand, and the manufacturers and persons and entities affiliated with them on the other. Additionally, as a separate and independent basis for removal, the citizenship of the non-diverse medical providers should be ignored because they are subject to severance under Rule 21 (because they are unnecessary and dispensable parties under Rule 19 as well as misjoined under Rule 20) and fraudulently misjoined.

4.      Though any motion to remand would be without merit, all remand questions should be resolved by the MDL court.  As numerous courts in similar opioid-related actions have recently recognized, judicial economy would be furthered if all removal questions were addressed by the MDL court following the transfer of this case to the MDL.  *E.g.*, Order, *City of Alexandria v. Purdue Pharma L.P. et al.*, No. 1:18-cv-01536-CMH-JFA (E.D. Va. Jan. 30, 2019), Dkt. 63 at 4 ("Having a single judge rule on the remand issues guarantees consistent rulings and prevents duplicative judicial efforts, promoting judicial efficiency."); *City of Galax v. Purdue Pharma, L.P.*, No. 7:18-cv-00617, 2019 WL 653010, at *4 (W.D. Va. Feb. 14, 2019) ("[B]oth judicial economy and consistency are served by allowing a single court—the Opiate MDL court—to address the jurisdictional issues."); *Bd. of Cty. Comm'rs of Seminole Cty. v. Purdue Pharma L.P.*, No. CIV-18-372-JWL, 2019 WL 1474397, at *2 (E.D. Okla. Apr. 3, 2019) ("[A] stay . . . allow[s] all pretrial matters in the instant case, including the remand motion, to be resolved in the MDL.").  But to the extent this Court addresses the removal question here, and as discussed more fully below, there is federal diversity jurisdiction over this case.

## BACKGROUND

5.      On June 10, 2019, Plaintiff filed the Complaint (attached hereto, with the process papers sent to Endo, as **Exhibit 1**) in the Circuit Court of the Third Circuit, in the State of Hawaii, against the following defendants:

a.     "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; Rhodes Technologies; Rhodes Technologies Inc.; Rhodes Pharmaceuticals L.P.; Rhodes Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Mallinckrodt plc; Mallinckrodt LLC; SpecGx LLC; Mylan Pharmaceuticals Inc.; Sandoz Inc.; West-Ward Pharmaceuticals Corp n/k/a Hikma Pharmaceuticals, Inc.; and Noramco, Inc.

b.     "Purdue-Related Defendants" — Raymond Sackler Family[1]; Mortimer Sackler Family[2]; Richard S. Sackler; Jonathan D. Sackler; Mortimer D.A. Sackler; Kathe A. Sackler; Ilene Sackler Lefcourt; Beverly Sackler[3]; Theresa Sackler; David A. Sackler; Trust for the Benefit of the Members of the Raymond Sackler Family; P.F. Laboratories, Inc.; and Stuart D. Baker.

---

[1] Defendant Raymond Sackler Family is not an actual entity nor is it a proper party to this suit.
[2] Defendant Raymond Sackler Family is not an actual entity nor is it a proper party to this suit.
[3] Defendant Beverly Sackler has passed away.  *See* Suggestion of Death, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD), Dkt. 301 (Bankr. S.D.N.Y. Oct. 14, 2019).

      c.    "Dealer Defendants" — Rudolph B. Puana, M.D.; Big Island Pain Center LLC; and Puana Pain LLC.

      d.    John N. Kapoor.

6.    Like many cases previously removed to federal court and transferred to the MDL, the thrust of this Complaint is that the Manufacturer Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks and benefits of FDA-approved prescription opioid medications. (Compl. ¶¶ 13-19, 49-227, 282-797.)  According to Plaintiff, the Manufacturer Defendants' alleged conduct caused Plaintiff to pay "false claims for chronic opioid therapy by (a) partially funding a medical insurance plan for its employees and (b) its workers' compensation program."  (*Id.* ¶ 798.)  Plaintiff also alleges that the Manufacturer Defendants' alleged conduct caused it to incur "costs related to opioid addiction and abuse," "health care costs, criminal justice and victimization costs, social costs, and lost productivity costs."  (*Id.* ¶ 807.)  All of the Manufacturer Defendants are citizens of states or foreign states other than Hawaii.

7.    Plaintiff also asserts that the Purdue-Related Defendants "controlled [Manufacturer Defendant] Purdue and its associated companies."  (*Id.* ¶ 126.) According to the Complaint, the Purdue-Related Defendants "knowingly aided, abetted, participated in, and benefited from the wrongdoing of [Manufacturer

Defendant] Purdue."  (*Id.* ¶ 153.)  All of the Purdue-Related Defendants are citizens of states other than Hawaii.

8.     Like the allegations against the Purdue-Related Defendants, Plaintiff asserts that Defendant John N. Kapoor benefited from and directed the activities of Manufacturer Defendant Insys Therapeutics, Inc.  Specifically, the Complaint alleges that Mr. Kapoor "personally directed the activities of Insys . . . and directed the mispresentations [sic] to third party payors[.]"  (*Id.* ¶ 125.)

9.     Plaintiff's allegations against the Dealer Defendants—a medical doctor and his pain clinics—center on entirely different alleged conduct.  Plaintiff alleges that the Dealer Defendants engaged in criminal drug dealing by prescribing opioid medications to consumers without any legitimate medical purpose.  (*Id.* ¶¶ 232-233.)  Specifically, the Complaint alleges that Rudolph P. Puana, M.D., through his pain clinics, "dispensed dozens of prescriptions for controlled substances outside the course of usual medical practice and without a proper medical evaluation.  (*Id.* ¶ 233.)  The Complaint alleges that Mr. Puana has been federally indicted for "knowingly and intentionally conspiring to distribute" prescription opioid medications.  (*Id.* ¶ 232.)  The Dealer Defendants are the only Defendants in this action who are citizens of Hawaii.

10.     The Complaint asserts eight causes of action against "all Defendants" collectively, although each claim rests almost entirely on conduct involving the

Manufacturer Defendants, Purdue-Related Defendants, or John N. Kapoor, on the one hand, and Dealer Defendants, on the other: (1) violation of Hawaii's Uniform Deceptive Trade Practice Act (HI Rev. Stat. § 481A-3), (2) false advertising (HI Rev. Stat. § 708-871), (3) public nuisance (HI Rev. Stat. § 322-1), (4) fraud, (5) unjust enrichment, (6) negligence, (7) Unfair or deceptive Trade Practices Act (HI Rev. Stat. § 480-2), and (8) civil conspiracy. (*Id.* ¶¶ 844-922.)

11. Endo waived service of the Complaint, effective September 26, 2019. Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings sent to Endo, as well as service waiver requests, is attached hereto as **Exhibit 1**. A copy of the state court file, except the Complaint, is attached hereto as **Exhibit 2**.

## VENUE AND JURISDICTION

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 91, 1391, 1441(a), and 1446(a) because the Circuit Court for Third Circuit, where the Complaint was filed, is a state court within the District of Hawaii.

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I.  THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL DEFENDANTS EXCEPT THE DEALER DEFENDANTS

14.     There is complete diversity of citizenship here because Plaintiff is a Hawaii citizen and the Manufacturer Defendants, Purdue-Related Defendants, and John N. Kapoor are citizens of states or foreign states other than Hawaii, *see* Part I.A *infra*, and the citizenship of the Dealer Defendants—the only non-diverse Defendants—should be ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*.  This is because the Dealer Defendants are fraudulently joined and subject to severance under Federal Rule of Civil Procedure 21 and the fraudulent *mis*joinder doctrine.

### A.  Plaintiff is Diverse from All Defendants Except the Dealer Defendants

#### 1.  Plaintiff is a Hawaii Citizen

15.     Plaintiff is a citizen of Hawaii for purposes of diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 721 (1973).

#### 2.  None of the Manufacturer Defendants, Purdue-Related Defendants, or John N. Kapoor Is a Citizen of Hawaii

16.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every state in which its partners are citizens.  *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015

(2016); *Whitehurst v. Bank2 Native Am. Home Lending, LLC*, No. 2:14-cv-00318-TLN-AC, 2014 WL 12576239, at *1 (E.D. Cal. Aug. 8, 2014).  A limited liability company is a citizen of every state in which its members are citizens.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Finally, a trust is a citizen of every state of which is trustee or trustees are citizens.  *Id.*

17.     Applying these principles, none of the Manufacturer Defendants, Purdue-Related Defendants, or John N. Kapoor is a citizen of Hawaii.

18.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (Compl. ¶ 65.)

19.     Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (*Id.*)

20.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners is a citizen of Hawaii.  (*See id.* ¶ 49.)  Its partners are citizens of New York, Connecticut, Delaware, Florida, the British Virgin Islands, and Jersey, Channel Islands.

21.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

22.     Defendant The Purdue Frederick Company, Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

23.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.  (*Id.* ¶ 53.)

24.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania.  (*Id.* ¶ 54.)

25.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey.  (*Id.* ¶ 61.)

26.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

27.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

28.     Defendant Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey.  (*Id.*)

29.     Defendant Allergan plc f/k/a Actavis plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland.  (*Id*. ¶ 68.)

30.     Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company.  Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Madison, New Jersey.  (*See id.*)

31.     Defendant Watson Laboratories, Inc. is a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey.

32.     Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.  (*Id.*)  Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware.  Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey.  (*See id.*)

33.     Defendant Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. is a corporation organized under the laws of Delaware corporation with its principal place of business in New Jersey.  (*Id*.)

34.     Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Arizona.  (*Id*. ¶ 98.)

35.    Defendant Rhodes Technologies is a general partnership organized under the laws of Delaware, none of whose partners are citizens of Hawaii.

36.    Defendant Rhodes Technologies, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Rhode Island.  (*Id*. ¶ 83.)

37.    Defendant Rhodes Pharmaceuticals L.P. is a limited partnership organized under the laws of Delaware, none of whose partners is a citizen of Hawaii.

38.    Defendant Rhodes Pharmaceuticals Inc. is a corporation organized under the laws of New York with its principal place of business in Rhode Island.

39.    Defendant Par Pharmaceutical, Inc. is a corporation organized under the laws of New York with its principal place of business in New York.  (*Id*. ¶ 89.)

40.    Defendant Par Pharmaceutical Companies, Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York.  (*Id*. ¶ 90.)

41.    Defendant Mallinckrodt plc is an Irish public limited company headquartered in Staines-Upon-Thames, Surrey, United Kingdom.  (*Id*. ¶ 91.)

42.    Defendant Mallinckrodt LLC is a limited liability company organized under the laws of Delaware, none of whose members are citizens of Ohio. Mallinckrodt LLC's sole member is Mallinckrodt Enterprises LLC.  Mallinckrodt

Enterprises LLC is a limited liability corporation organized under the laws of Delaware.  Mallinckrodt Enterprises LLC's members are Mallinckrodt Equinox Finance, Inc., a corporation organized under the laws of Delaware with its principal place of business in Missouri; Ludlow Corporation, a corporation organized under the laws of Massachusetts with its principal place of business in Missouri; and Mallinckrodt ARD Finance LLC.  Mallinckrodt ARD Finance LLC's sole member, Mallinckrodt Enterprise Holdings, Inc., is a corporation organized under the laws of California with its principal place of business in Missouri.

43.     Defendant SpecGx LLC is a limited liability company organized under the laws of Delaware, none of whose members are citizens of Hawaii.  SpecGx LLC's sole member is Mallinckrodt LLC, whose citizenship is pleaded immediately above.

44.     Defendant Mylan Pharmaceuticals Inc. is a corporation organized under the laws of West Virginia with its principal place of business in Pennsylvania.

45.     Defendant Sandoz Inc. is a corporation organized under the laws of Colorado with its principal place of business in Princeton, New Jersey.  (*Id*. ¶ 95.)

46.     Defendant West-Ward Pharmaceuticals Corp n/k/a Hikma Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Eatontown, New Jersey.  (*Id*. ¶ 96.)

47.     Defendant Amneal Pharmaceuticals, Inc. is a corporation formed under the laws of Delaware with its principal place of business in New Jersey.  (*Id.* ¶ 97.)

48.     Defendant Noramco, Inc. is a corporation organized under the laws of Georgia with its principal place of business in Delaware.

49.     Defendant Richard S. Sackler is a citizen of Texas.  (*Id.* ¶ 74.)

50.     Defendant Jonathan D. Sackler is a citizen of Connecticut.  (*Id.* ¶ 75.)

51.     Defendant Mortimer D.A. Sackler is a citizen of New York.  (*Id.* ¶ 76.)

52.     Defendant Kathe A. Sackler is a citizen of Connecticut.  (*Id.* ¶ 77.)

53.     Defendant Ilene Sackler Lefcourt is a citizen of New York.  (*Id.* ¶ 78.)

54.     Defendant Beverly Sackler was a citizen of Connecticut before she passed away.  (*Id.* ¶ 79.)

55.     Defendant Theresa Sackler is a citizen of New York.  (*Id.* ¶ 80.)

56.     Defendant David A. Sackler is a citizen of New York.  (*Id.* ¶ 81.)

57.     Defendant Trust for the Benefit of the Members of the Raymond Sackler Family is an alleged trust whose alleged trustees are Beverly Sackler, Richard S. Sackler, and Jonathan D. Sackler, none of whom are or were citizens of Hawaii.  (*Id.* ¶ 86.)

58.     Defendant P.F. Laboratories, Inc. is a corporation organized under the laws of New Jersey with its principal place of business in New Jersey.  (*Id.* ¶ 87.)

59.    Defendant Stuart D. Baker is a citizen of New York.  (*Id*. ¶ 88.)

60.    Defendant John N. Kapoor is a citizen of Arizona.  (*Id*. ¶ 124.)

61.    Accordingly, all of the Manufacturer Defendants are citizens of states or foreign states other than Hawaii.

**B.    The Citizenship of the Dealer Defendants Should Be Ignored**

**1.    The Dealer Defendants Are Fraudulently Joined**

62.    Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper where the non-diverse defendants are fraudulently joined.  The doctrine of fraudulent joinder permits a district court to "disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  A non-diverse defendant is fraudulently joined where the "individual joined in the action cannot be liable on any theory."  *Id.* (quotation marks omitted).

63.    Here, there is no possibility that Plaintiff can establish a cause of action against the Dealer Defendants because Plaintiff has not alleged compliance with the pre-filing requirements related to medical torts under Hawaii Revised Statute § 671-12 *et seq*.  Under Hawaii's pre-filing requirements, "[a]ny person . . . having concerns regarding the existence of a medical tort shall submit an inquiry to the medical inquiry and conciliation panel before a suit based on the circumstances

of the inquiry may be commenced in any court of this State."  Haw. Rev. Stat. §

671-12.  A person may institute litigation "only after the medical inquiry and

conciliation panel proceedings were terminated."  *Id.* § 671-16.

64.    A "medical tort" is defined as "professional negligence, the rendering

of professional service without informed consent, or an error or omission in

professional practice, by a health care provider, which proximately causes death,

injury, or other damage to a patient."  *Id.* § 671-1.  A medical tort "encompasses all

errors or omissions by a health care provider in professional practice resulting in

injury to a patient," and that the term "is not limited to errors in treatment that result

in physical harm."  *Garcia v. Kaiser Found. Hosps.*, 978 P.2d 863, 876 (Haw.

1999); *see also Dubin v. Wakuzawa*, 970 P.2d 496, 501 (Haw. 1998) (claims for

breach of contract, breach of fiduciary duty, breach of physician-patient

relationship, defamation, perjury, and negligent infliction of emotional distress

arising from physician's disclosure of plaintiff's medical information were subject

to pre-filing requirements); *Doe v. City & Cty. of Honolulu*, 6 P.3d 362, 372 (Haw.

Ct. App. 2000) (claims for sexual assault and battery arising out of a physical

examination by a doctor were subject to pre-filing requirements); *Lee v. Hawaii

Pac. Health*, 216 P.3d 1258, 1270 (Haw. Ct. App. 2009) (claims for emotional

distress brought by mother of deceased patient treated at hospital were subject to

pre-filing requirements).

65.     Additionally, medical torts must be committed by a "health care provider" to qualify for the pre-filing requirements.  Haw. Rev. Stat. § 671-1.  A "health care provider" "means a physician, . . . [or] a health care facility as defined in section 323D-2[.]"  *Id.*  A "[h]ealth care facility" includes "hospitals" and "outpatient clinics" as well as "any program, institution, place, building, or agency, or portion thereof, private or public, other than federal facilities or services, whether organized for profit or not, used, operated, or designed to provide medical diagnosis, treatment, nursing, rehabilitative, or preventive care to any person or persons."  *Id.* § 323D-2.

66.     Courts have held that Hawaii's pre-filing requirements are intended to be interpreted broadly to encompass all health-care-related claims.  *See Lee v. Hawaii Pac. Health*, 216 P.3d 1258, 1270 (Haw. Ct. App. 2009) (administrative pre-filing statute contains "legislative intent to utilize [administrative pre-filing review] in the broadest possible range of health-care-related claims").

67.     Plaintiff's claims are covered by Hawaii's pre-filing requirements because they are medical torts allegedly committed by health care providers.

68.     First, Plaintiff's allegations are for medical torts.  Plaintiff alleges that Defendant Rudolph B. Puana M.D. "dispensed dozens of prescriptions for controlled substances outside the course of usual medical practice and without a proper medical evaluation."  Compl. ¶ 233.  Plaintiff also alleges that Dr. Puana

"treated and patients and prescribed and distributed opioid drugs" at his pain clinic. *Id.* ¶ 234. Plaintiff alleges that all defendants misrepresented the risks and benefits of opioids, including "misleading . . . patients . . . through the use of misleading terms like 'pseudoaddiction,'" and "falsely omitting or minimizing the adverse effects of opioids and overstating the risks of alternative forms of pain treatment." *Id.* ¶ 846. These allegations are "medical torts" because they amount to allegations of "professional negligence," or "error[s] or omission[s] in professional practice . . . which proximately cause[] . . . injury[] or other damage to a patient." Haw. Rev. Stat. § 671-1.

69.     Second, Plaintiff's claims are asserted against "health care providers." Dr. Puana is a "health care provider" because he is alleged to be a "physician." Compl. ¶ 232. Defendant Puana Pain LLC is also a "health care provider" because it is a "medical clinic" at which Dr. Puana "treated . . . patients and prescribed and distributed opioid[s]." *Id.* ¶ 234; *see also* Haw. Rev. Stat. § 323D-2 ("health care provider" includes "outpatient clinic[s]").

70.     Finally, Plaintiff is a "person" to which the medical tort pre-filing requirements apply. Hawaii's code defines "person" as "not only individuals, but corporations, firms, associations, societies, ***communities***, assemblies, ***inhabitants of a district, or neighborhood***, or persons known or unknown, ***and the public generally***, where it appears, from the subject matter, the sense and connection in

which such words are used, that such construction is intended." Haw. Rev. Stat. § 1-19 (emphasis added). Courts applied this definition where specific statutory schemes omit a definition for "person." *See, e.g.*, *Mabe v. Real Estate Comm'n*, 670 P.2d 459, 462 (Haw. Ct. App. 1983) (utilizing definition of "person" from HRS § 1-19 where chapter containing applicable statute did not define "person").

71.     Plaintiff is a covered "person" because it is a "community" that includes "inhabitants of a district" or a "neighborhood" or "the public generally." Haw. Rev. Stat. § 1-19.

72.     Accordingly, Plaintiff was required to comply with Hawaii's pre-filing requirements under section 671-12 *et seq*. prior to filing suit. Plaintiff has not alleged that it is has done so. Therefore, Plaintiff cannot state a claim against the Dealer Defendants and the Dealer Defendants are fraudulently joined. *See Grancare*, 889 F.3d at 548.

## 2.     The Dealer Defendants Should Be Severed Under Rule 21

73.     Beyond fraudulent joinder of the Dealer Defendants, the citizenship of the Dealer Defendants can alternatively be ignored because the claims against them are severable under Federal Rule of Civil Procedure 21. Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21. Defendants are severable

under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the

claims against them are sufficiently distinct from claims against other defendants

under Rule 20.  Here, the Dealer Defendants should be severed on both grounds,

each of which preserves diversity jurisdiction as to the Manufacturer Defendants,

Purdue-Related Defendants, and John N. Kapoor.

74.    Rule 21 "grant[s] . . . discretionary power [to a federal court] to perfect

its diversity jurisdiction by dropping a nondiverse party provided the nondiverse

party is not indispensable to the action under Rule 19."  *Cuviello v. Feld Entm't,*

*Inc.*, 304 F.R.D. 585, 593 (N.D. Cal. 2015) (quoting *Kirkland v. Legion Ins. Co.*,

343 F.3d 1135, 1142 (9th Cir. 2003)); *see also Sams v. Beech Aircraft Corp.*, 625

F.2d 273, 277 (9th Cir. 1980) (same); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490

U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with

authority to allow a dispensable nondiverse party to be dropped at any time."); *Galt*

*G/S v. JSS Scandinavia*, 142 F.3d 1150, 1154 (9th Cir. 1998) (affirming dismissal

of non-diverse party to preserve diversity jurisdiction).

75.    In deciding remand motions, courts have repeatedly severed non-

diverse defendants under Rule 21 to perfect diversity jurisdiction over diverse

defendants in analogous circumstances.  *Joseph v. Baxter International, Inc.*, 614 F.

Supp. 2d 868 (N.D. Ohio 2009), is particularly instructive.  There, the plaintiffs,

citizens of Louisiana, brought a products liability action against the out-of-state

manufacturer of the drug Heparin.  *Id.* at 870.  Before the case was removed, the

plaintiffs amended their complaint to add as defendants various non-diverse

healthcare providers, alleging that they engaged in "negligent acts and omissions in

the administration of Heparin." *Id.* at 871.  Despite the addition of these non-

diverse healthcare provider defendants, the district court denied remand as to the

diverse manufacturer defendant.

76.     The court reasoned that the healthcare provider defendants were "not

necessary parties as the resolution of a claim against them would not necessarily

resolve the [plaintiffs'] claim against [the manufacturer]"; the medical malpractice

claims against the healthcare providers "differ from the [plaintiffs'] products

liability claim" against the manufacturer.  *Id.* at 872.  And, the court explained, the

healthcare provider defendants were dispensable because the plaintiffs "retain an

adequate remedy against the Healthcare Defendants as they can proceed with their

claims in state court." *Id.* at 873.  Given the separate factual basis for plaintiffs'

medical malpractice claims against the healthcare providers, the court found that it

could "sever them from the claims against [the manufacturer], and in doing so,

perfect diversity jurisdiction over [the manufacturer]." *Id.* at 874.

77.     Numerous other courts have followed the same approach.  *See, e.g.*,

*Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705-07 (D. Md. 2015);

*Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va.

Oct. 8, 2010); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015
WL 3440492, at *5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of
Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20, 2012).

78.     Likewise, here, this Court should sever the Dealer Defendants under
Rule 21 and deny remand as to the remaining defendants because the Dealer
Defendants are both unnecessary and dispensable under Rule 19.  Alleged joint
tortfeasors like the Dealer Defendants are unnecessary parties as a matter of settled
law.  *See Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (holding that joint
tortfeasors are not necessary parties under Rule 19); *Maxtor Corp. v. Read-Rite
(Thailand) Co.*, No. C-03-3064, 2003 WL 24902406, at *9 (N.D. Cal. Dec. 4, 2003)
(citing *Temple* and explaining that "the Supreme Court has held that joint
tortfeasors are not necessary parties under Rule 19.").

79.     Moreover, just like *Baxter* (and many other cases), in which the
plaintiff's claims against the diverse defendants and non-diverse defendants were
factually distinct, here Plaintiff's claims against the Manufacturer Defendants,
Purdue-Related Defendants, and John N. Kapoor are factually distinct from those
against the Dealer Defendants.  Specifically, Plaintiff alleges that the Manufacturer
Defendants misrepresented the risks of FDA-approved prescription opioid
medications in marketing and promoting the medications.  (Compl. ¶¶ 13-19, 49-
227, 282-797).  Plaintiff also alleges that the Purdue-Related Defendants and John

N. Kapoor controlled and benefited from the certain Manufacturer Defendants.
(*See id.* ¶¶ 125-26, 153.)

80.    By contrast, Plaintiff's allegations against the Dealer Defendants do
not relate to marketing or promotion of opioid medications.  Instead, Plaintiff
alleges that the Dealer Defendants "knowingly and intentionally conspire[ed] to
distribute" prescription opioid medications and dispensed these medications
"outside the course of usual medical practice and without a proper medical
evaluation."  (*Id.* ¶¶ 232-233.)  There is no overlap between the factual allegations
against the Dealer Defendants the remaining defendants as would make the Dealer
Defendants necessary or indispensable parties under Rule 19.

81.    Beyond Rule 19, the claims against the Dealer Defendants are also
misjoined under Rule 20, which provides a distinct basis for severance.  Rule 21
permits severance of claims against the Dealer Defendants that do not "aris[e] out
of the same transaction, occurrence, or series of transactions or occurrences" as the
claims against the remaining defendants.  Fed. R. Civ. P. 20(a)(1)(A); *see*
*Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-
CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) ("Rule 21 is a mechanism
for correcting . . . the misjoinder . . . of parties or claims" which "arises when the
claims and parties fail to satisfy any of the conditions of permissive joinder under
Rule 20(a).") (citation omitted).  Courts in this Circuit and other circuits have

repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants were separate and distinct, and arose from different transactions or occurrences.[4] Because of the distinct factual underpinnings of the claims against the Manufacturer Defendants and Dealer Defendants, these claims cannot properly be joined together.

82.     Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in the Northern District of Ohio. Courts across the country have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction. *E.g.*, *Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."); *Sutton*, 251 F.R.D. at 505 ("Plaintiffs' claims against the [non-diverse] Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve the removing Defendants' right to removal in the remaining multidistrict action and preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case

---

[4] *See, e.g.*, *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502-05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004); *Loeffelbein*, 2003 WL 21313957, at *6; *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6-7 (E.D. La. Sept. 10, 2014); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

can be coordinated in a single forum."); *Baxter*, 614 F. Supp. 2d at 873

("[P]laintiffs will benefit from the MDL process:  they will not bear the burden of

having to engage on their own, and at their sole expense, in discovery vis-à-vis [the

diverse manufacturer]."); *Mayfield*, 2015 WL 3440492, at *5 ("[I]f the surviving

federal claims are transferred to the Ethicon MDL, the prospect of dual litigation

has undeniable upside.").

83.     As one court explained in materially identical circumstances, "[t]he

Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly

prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer

defendant] to considerable prejudice.  [Plaintiff] will be forced to pursue two

separate suits, but it will not alone bear the administrative and financial burdens of

pursuing its claims against [the manufacturer] in the MDL proceedings.  For its

part, [the manufacturer] could be exposed to numerous related suits if courts

considering suits similar to this one refused to sever claims against [the

manufacturer] from those against the providers that prescribed [the drug]." *Cooke-

Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

84.     That Plaintiff asserts causes of action against all Defendants

collectively changes nothing.  Severance is appropriate because the *factual basis* for

Plaintiff's claims against the Manufacturer Defendants (alleged misrepresentations

in promoting opioid medications), the Purdue-Related Defendants (controlling and

benefiting from the activities of Purdue entities), and John N. Kapoor (directing and controlling Insys Therapeutics, Inc.), on the one hand, are separate and distinct from the factual basis for Plaintiff's claims against the Dealer Defendants (knowingly prescribing opioid medications to patients who did not need them), on the other hand.  *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a).").  If Plaintiff truly wants to pursue claims against the Dealer Defendants, Plaintiff has an "adequate remedy . . . in state court." *Baxter*, 614 F. Supp. 2d at 873.

## 2.    The Dealer Defendants Are Also Fraudulent Misjoined

85.    As an alternative to severance under Rule 21, the citizenship of the Dealer Defendants should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine.  Fraudulent misjoinder, also called procedural misjoinder, "refers to the joining of claims into one suit in order to defeat diversity jurisdiction where in reality there is no sufficient factual nexus among the claims to

satisfy the permissive joinder standard." *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803 n.8 (S.D. Miss. 2004) (citation and internal quotation marks omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action.") (footnote omitted), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

86.     While the Ninth Circuit has not yet adopted fraudulent misjoinder, district courts in this Circuit have applied the doctrine.  *E.g.*, *Sutton*, 251 F.R.D. at 504-05 (finding misjoinder and describing defendants' "legal and factual position" for applying the fraudulent misjoinder doctrine as "compelling"); *Greene*, 344 F. Supp. 2d at 684-85 ("Although the Ninth Circuit has not yet published an opinion addressing the fraudulent misjoinder rule, this Court agrees with the Fifth and Eleventh Circuits that the rule is a logical extension of the established precedent that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court.") (footnotes omitted); *Ellis v. Amerigas Propane, Inc.*, No. 1:16-CV-1184, 2016 WL 8673036, at *2 (E.D. Cal. Nov. 18, 2016)

("[F]raudulent misjoinder has been explicitly applied twice by district courts within the jurisdiction of the Ninth Circuit.") (citing *Sutton* and *Greene*).[5]

87. Notably, in opioid-related cases like this one, federal district courts recently relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction. *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at \*4-5 (S.D. W. Va. Aug. 3, 2017).

88. Even if the Court finds that the Dealer Defendants are not subject to severance under Rule 21, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

89. In sum, because Plaintiff is a citizen of Hawaii, and because none of the properly joined Defendants is a citizen of Hawaii, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## II.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

90. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

---

[5] Other courts in this Circuit have declined to apply the doctrine. *See Sutton*, 251 F.R.D. at 504-05 (describing the "split").

91.     As a result of the Manufacturer Defendants' alleged conduct, Plaintiff contends that it has spent "millions of dollars each year" on "costs related to opioid addiction and abuse," "health care costs, criminal justice and victimization costs, social costs, and lost productivity costs."  (Compl. ¶¶ 807-08.)  Plaintiff also alleges it has spent "millions of dollars each year to provide and pay for health care, services, pharmaceutical care and other necessary services and programs on behalf of residents whom are indigent or otherwise eligible for services[.]"  (*Id.* ¶ 2.) Plaintiff asserts that these "exorbitant amounts of money" are being spent "as a direct result" of the Defendants' alleged conduct.  (*Id.* ¶ 4.)  Plaintiff seeks "compensatory damages in an amount sufficient to . . . compensate Plaintiff for all damages," as well as treble and punitive damages.  (*Id.* Prayer for Relief ¶¶ i-iii.)  It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.     This Notice of Removal Is Timely

92.     This Notice of Removal is timely filed.  Endo waived service of the summons and Complaint effective September 26, 2019.  Because Endo filed the Notice of Removal on October 25, 2019, removal is timely.  *See* 28 U.S.C. § 1446(b)(1).

## B.     All Properly Joined And Served Defendants Consent to Removal

93.     For purposes of removal based on diversity jurisdiction under 28

U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have

been properly joined and served must consent to removal.

94.     The following properly served Defendants consent to removal, as

indicated by their signing below:  Purdue Pharma L.P.[6]; Purdue Pharma Inc.; The

Purdue Frederick Company Inc.; Johnson & Johnson; Janssen Pharmaceuticals,

Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals,

Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan

Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson

---

[6] On September 15, 2019, Purdue and its affiliated debtors filed voluntary bankruptcy petitions for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York.  The case is docketed as *In re Purdue Pharma L.P.*, No. 19-23649, and is pending before U.S. Bankruptcy Judge Robert D. Drain. Pursuant to 11 U.S.C. § 362, this filing of the bankruptcy petition operates as a stay as to Defendants Purdue Pharma L.P.; Purdue Pharma Inc.; Rhodes Pharmaceuticals L.P.; and Rhodes Technologies (the "Purdue Debtors").  Moreover, on October 11, 2019, Judge Drain issued an Order pursuant to 11 U.S.C. § 105(a), which was amended on October 18, 2019, enjoining the commencement or continuation of litigation against the Purdue Debtors and certain related parties (including The Purdue Frederick Company Inc.; Rhodes Pharmaceuticals Inc.; Rhodes Technologies Inc.; David Sackler; Ilene Sackler Lefcourt; Jonathan Sackler (in both individual and trustee capacities); Kathe Sackler; Mortimer D.A. Sackler; Richard Sackler (in both individual and trustee capacities);  and Theresa Sackler) through November 6, 2019.  To the extent consent of the Purdue Debtors; The Purdue Frederick Company Inc.; Rhodes Pharmaceuticals Inc.; Rhodes Technologies Inc.; David Sackler; Ilene Sackler Lefcourt; Jonathan Sackler (in both individual and trustee capacities); Kathe Sackler; Mortimer D.A. Sackler; Richard Sackler (in both individual and trustee capacities); and Theresa Sackler is required, they consent to removal.  By consenting to removal, none of the defendants waive any right or defense and expressly reserve them, including in connection with the Bankruptcy Court's stay as well as all rights and defenses in this action, including lack of personal jurisdiction.  Defendant Beverly Sackler has passed away, so her consent is not required.  *See* Suggestion of Death, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD), Dkt. 301 (Bankr. S.D.N.Y. Oct. 14, 2019).

Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.;

Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Par Pharmaceutical, Inc.; Par

Pharmaceutical Companies, Inc.;  Mallinckrodt LLC; SpecGx LLC; West-Ward

Pharmaceuticals Corp n/k/a Hikma Pharmaceuticals, Inc.; Noramco, Inc.;  David A.

Sackler; Ilene Sackler Lefcourt; Jonathan D. Sackler (both individually and in his

alleged capacity as a trustee of the alleged Trust for the Benefit of the Raymond

Sackler Family); Kathe A. Sackler; Mortimer D.A. Sackler; Richard S. Sackler

(both individually and in his alleged capacity as a trustee of the alleged Trust for the

Benefit of the Raymond Sackler Family); Theresa Sackler; P.F. Laboratories, Inc.;

and John N. Kapoor.  The Defendants listed in this paragraph expressly reserve, and

do not waive, all defenses, including personal jurisdiction.

95.     The following Defendants have not been properly served, and thus

their consent to removal is not required: Insys Therapeutics, Inc.; Mallinckrodt plc[7];

Sandoz Inc.; Mylan Pharmaceuticals Inc.; Rhodes Pharmaceuticals L.P.; Rhodes

Pharmaceuticals Inc.; Rhodes Technologies; Rhodes Technologies Inc.; Allergan

plc f/k/a Actavis plc[8] . Nevertheless, they consent to removal.  The Defendants

---

[7] Mallinckrodt plc, an Irish public limited company headquartered in the United Kingdom, disputes that it has been served, but nevertheless consents to removal out of an abundance of caution and expressly reserves all rights and defenses including those related to personal jurisdiction and service of process.

[8] Allergan plc f/k/a Actavis plc, an Irish corporation, disputes that it has been served, but nevertheless consents to removal out of an abundance of caution and expressly reserves all rights and defenses including those related to personal jurisdiction and service of process.

listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

96.     The following Defendants have not been properly served, and thus their consent to removal is not required:  Stuart D. Baker; Amneal Pharmaceuticals, Inc.

97.     Defendant "Raymond Sackler Family" neither an actual entity nor is it a proper party to this suit.  Accordingly, it has not been properly served and its consent to removal is not required.

98.     Defendant "Mortimer Sackler Family" neither an actual entity nor is it a proper party to this suit.  Accordingly, it has not been properly served and its consent to removal is not required.

99.     Defendant Beverly Sackler has passed away.  *See* Suggestion of Death, *In re Purdue Pharma L.P.*, No. 19-23649 (RDD), Dkt. 301 (Bankr. S.D.N.Y. Oct. 14, 2019).  Accordingly, she has not been properly served and her consent to removal is not required.

100.    The Dealer Defendants are not properly joined in this action, and thus their consent to removal is not required.

101.    By filing this Notice of Removal, neither Endo nor any other Defendant waives any defense that may be available to them and reserves all such defenses.  If any question arises as to the propriety of the removal to this Court,

Endo requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

CONCLUSION

WHEREFORE, Endo hereby removes this action from the Circuit Court of the Third Circuit, Hawaii, to the United States District Court for the District of Hawaii.

Dated: Honolulu, Hawai`i, October 25, 2019.

/s/ *Jerold T. Matayoshi*

Jerold T. Matayoshi
Sheree Kon-Herrera
FUKUNAGA MATAYOSHI CHING &
KON-HERRERA
841 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
Office: (808) 533-4300
Fax: (808) 531-7585
jtm@fmhc-law.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER
LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendants
ENDO PHARMACEUTICALS INC. and
ENDO HEALTH SOLUTIONS INC.
* *denotes national counsel who will seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC.:

/s/  *Jerold T. Matayoshi*

Jerold T. Matayoshi
Sheree Kon-Herrera
FUKUNAGA MATAYOSHI CHING & KON-HERRERA
841 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
Office: (808) 533-4300
Fax: (808) 531-7585
jtm@fmhc-law.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendants
PAR PHARMACEUTICAL, INC. and PAR PHARMACEUTICAL COMPANIES, INC.
* *denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
PURDUE PHARMA L.P., PURDUE
PHARMA INC., THE PURDUE
FREDERICK COMPANY INC., and P.F.
LABORATORIES, INC.:


 /s/ *Nadine Y. Ando*
Nadine Y. Ando
Lisa W. Cataldo
MCCORRISTON MILLER MUKAI
MACKINNON LLP
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii  96813


Consent to removal on behalf of Defendants
RHODES PHARMACEUTICALS L.P.,
RHODES PHARMACEUTICALS INC.,
RHODES TECHNOLOGIES, and
RHODES TECHNOLOGIES INC.:


 /s/ *Steven Napolitano**
Steven F. Napolitano*
Tanya C. Rolo*
SKARZYNSKI MARICK & BLACK LLP
One Battery Park Plaza, 32nd Floor
New York, NY 10004
Tel: 212-820-7700
Fax: 212-820-7740
snapolitano@skarzynski.com
trolo@skarzynski.com
*denotes national counsel who will seek pro
hac vice admission*

37

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC.;
CEPHALON, INC.; WATSON
LABORATORIES, INC.; ACTAVIS LLC;
and ACTAVIS PHARMA, INC. F/K/A
WATSON PHARMA, INC.:

/s/ *Nicholas R. Monlux*
Nicholas R. Monlux
David M. Louie
KOBAYASHI, SUGITA & GODA LLP
999 Bishop Street, Suite 2600
Honolulu, Hawai'i 96813
(808) 535-5700
dml@ksglaw.com
nrm@ksglaw.com
ban@ksglaw.com

Collie F. James, IV*
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Blvd., Ste. 1800
Costa Mesa, CA 92626
collie.james@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL  33131-2339
brian.ercole@morganlewis.com
*denotes national counsel who will seek pro
hac vice admission*

Consent to removal on behalf of Defendants
JOHNSON & JOHNSON, JANSSEN
PHARMACEUTICALS, INC., ORTHO-
MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A
JANSSEN PHARMACEUTICALS, INC.,
and JANSSEN PHARMACEUTICA, INC.
N/K/A JANSSEN PHARMACEUTICALS,
INC.:

/s/ *Charles C. Lifland**
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*\* denotes national counsel who will seek pro
hac vice admission*

Consent to removal on behalf of Defendants
MALLINCKRODT LLC, SPECGX LLC,
and specially appearing MALLINCKRODT
PLC:

/s/  *Abigail M. Holden*
Abigail M. Holden
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
(808) 585-9440

Rocky Tsai*
Ropes & Gray LLP
Three Embarcadero Center, Suite 300
San Francisco, CA 94111
(415) 315-6300
*\* denotes national counsel who will seek pro
hac vice admission*

Consent to removal on behalf of Defendants
ALLERGAN FINANCE, LLC F/K/A
ACTAVIS, INC. F/K/A WATSON
PHARMACEUTICALS, INC:

/s/ *Donna Welch, P.C.*＊
Donna Welch, P.C.*
Martin L. Roth*
Timothy Knapp*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
donna.welch@kirkland.com
martin.roth@kirkland.com
timothy.knapp@kirkland.com

Jennifer G. Levy, P.C.*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
jennifer.levy@kirkland.com
* *denotes national counsel who will seek pro
hac vice admission*


Consent to removal on behalf of Defendant
INSYS THERAPEUTICS, INC.:
/s/ *J. Matthew Donohue*＊
J. Matthew Donohue*
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Facsimile: (503) 241-8014
matt.donohue@hklaw.com
* *denotes national counsel who will seek pro
hac vice admission*

Consent to removal on behalf of Defendants DAVID A. SACKLER; ILENE SACKLER LEFCOURT; JONATHAN D. SACKLER; KATHE A. SACKLER; MORTIMER D.A. SACKLER; RICHARD S. SACKLER; AND THERESA SACKLER; AND TO RICHARD S. SACKLER AND JONATHAN D. SACKLER IN THEIR ALLEGED CAPACITIES AS TRUSTEES OF THE ALLEGED TRUST FOR THE BENEFIT OF THE MEMBERS OF THE RAYMOND SACKLER FAMILY:

/s/ *Robert G. Klein*
Robert G. Klein
Kurt W. Klein
David A. Robyak
Klein Law Group LLLC
Waterfront Plaza #3-480
500 Ala Moana Blvd.
Honolulu, HI 96813
(808) 591-8822
rgk@kleinlg.com


Consent to removal on behalf of Defendant SANDOZ INC.:

/s/ *Lori G. Cohen\**
Lori G. Cohen*
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Phone: (678) 553-2385
cohenl@gtlaw.com
*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
MYLAN PHARMACEUTICALS INC.:

/s/ *Elijah Yip*
Elijah Yip
LUMINATE LAW
Pauahi Tower
1003 Bishop Street, Suite 2700
Honolulu, Hawaii 96813
Office: (808) 892-3301
Fax:   (808) 892-5540
eyip@luminatelaw.com

Adam K. Levin*
Rebecca C. Mandel*
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C. 20004
Phone: (202) 637-5488
Fax: (202) 637-5910
adam.levin@hoganlovells.com
rebecca.mandel@hoganlovells.com
* *denotes national counsel who will seek pro
hac vice admission*

Consent to removal on behalf of Defendant
NORAMCO, INC.:

/s/ *Daniel G. Jarcho*
Daniel G. Jarcho*
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3254
Facsimile: (202) 239-333
daniel.jarcho@alston.com

Cari K. Dawson*
Jenny A. Hergenrother*
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel.: (404) 881-7000
Fax: (404) 881-7777
cari.dawson@alston.com
jenny.hergenrother@alston.com

Consent to removal on behalf of Defendant
WEST-WARD PHARMACEUTICALS
CORP. n/k/a HIKMA
PHARMACEUTICALS, INC.:

/s/ *Randall Y.S. Chung*
Randall Y.S. Chung
CHUNG & IKEHARA
Suite 300, Richards Building
707 Richards Street
Honolulu, HI 96813
Telephone: (808) 536-3711
Facsimile: (808) 599-2979
Randy@triallawhawaii.com

Christopher B. Essig*
Scott M. Ahmad*
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
CEssig@winston.com
SAhmad@winston.com
*denotes national counsel who will seek pro
hac vice admission*

Consent to removal on behalf of Defendant
JOHN N. KAPOOR:

/s/ *Mark Tyler Knights*\*
Mark Tyler Knights\*
NIXON PEABODY LLP
900 Elm Street
Manchester, NH 03101-2031
Office: 603-628-4000
Fax: 855-808-0656
mknights@nixonpeabody.com

Brian T. Kelly\*
Kurt M. Mullen\*
NIXON PEABODY LLP
Exchange Place
53 State Street
Boston, MA 02109-2835
Office: 617-345-1000
Fax: 866-394-9156
bkelly@nixonpeabody.com
kmullen@nixonpeabody.com
*\* denotes national counsel who will seek pro
hac vice admission*